**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 06-258** |
| | : | |
| **v.** | : | |
| | : | **CIVIL ACTION NO. 11-160** |
| **ODELL QUARN CANNON** | : | |
| **a/k/a Zelly** | : | |

**<u>MEMORANDUM OPINION</u>**

Savage, J.                                                                                    June 21, 2012

In his *pro se* motion brought under Fed. R. Civ. P. 60(b)(1) and (6), Odell Cannon, a federal prisoner, contends he was improperly sentenced as an "armed career criminal" as defined in 18 U.S.C. § 924(e).  The issue he now asserts is the same one he raised in his direct appeal and in a prior motion brought under 28 U.S.C. § 2255.  The government opposes Cannon's motion, characterizing it as both frivolous and repetitive.   The government contends that Cannon raises the same substantive argument regarding his armed career criminal status as he had raised on direct appeal, in his § 2255 petition and in his motion for reconsideration.

Cannon's basic argument is that he is not an armed career criminal as defined under 18 U.S.C. § 924(e), and he would not have been sentenced as one had his attorney not conceded his status as an armed career criminal at sentencing.  He argues that his attorney's failure to contest his armed career criminal status impermissibly relieved the government of its burden of proving that status.

Attempting to bring his present motion within the scope of a Rule 60(b) motion, Cannon argues that we "mistook the § 2255 issue for the one on appeal."  He claims that we misconstrued his argument.

The factual and procedural history of this case is set forth in the Memorandum Opinion of March 23, 2011 and the non-precedential opinion of the Third Circuit Court of Appeals. *United States v. Cannon*, 340 F. App'x 826 (3d Cir. 2009). It will not be repeated here. Suffice it to say, this is the fourth time Cannon has raised the armed career criminal issue.

In his direct appeal, Cannon challenged his designation as an armed career criminal. His appellate counsel argued that he had been improperly designated as an armed career criminal. His argument was rejected. Even though it found that Cannon had waived any objection to the presentence report, the Third Circuit concluded that he had been properly designated as an armed career criminal.

In his subsequent § 2255 motion, Cannon sought to litigate his armed career criminal status once again, claiming that his attorney had been ineffective at sentencing by failing to object to his designation as an armed career criminal. Because the Third Circuit had determined that Cannon had been properly classified as an armed career criminal, his attorney could not have been ineffective for failing to challenge the classification. Now, Cannon contends we misunderstood his argument. His argument boils down to his designation as an armed career criminal – an issue that has been litigated twice.

Rule 60(b) may not be used to challenge a petitioner's underlying conviction after his habeas petition attacking that same conviction has been denied. It is not a substitute for an appeal. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). In other words, a petitioner cannot relitigate the merits of his habeas petition under the guise of a Rule 60(b) motion.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive petition for writ of *habeas corpus* without first seeking and receiving approval from the court of appeals.  Where the Rule 60(b) motion is a second habeas petition, the petitioner must seek approval from the Court of Appeals. *Pridgen v. Shannon*, 380 F.3d 721, 725 (3d Cir. 2004).  Absent such authorization, the district court is not permitted to consider the merits of the subsequent petition.  28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

A determination whether the Rule 60(b) motion is a "second or successive" habeas petition turns on whether the petitioner is attempting to relitigate the merits of his earlier habeas petition or underlying conviction, or is attacking the "manner in which the habeas judgment was procured . . . ." *Pridgen*, 380 F.3d at 727.  Where the motion is a renewed argument of issues decided in a previous habeas action, it is successive.  *Id*.  Where it challenges the integrity of the habeas proceedings, it is not a successive petition and may be considered.  *Id*.  Thus, the distinction is between a substantive attack on the underlying conviction and a structural attack on the habeas proceeding itself.  *Id*.

To avoid the bar against a "second or successive" petition, a petitioner may not couch his claims of error in the language of a Rule 60(b) motion for relief from judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (citations omitted).  We must look beyond the label and examine the contents of the motion to determine what the petitioner actually challenges.

No matter what words he uses and no matter how he characterizes his claim, Cannon's present motion is still a challenge to his classification as an armed career criminal.  There was no mistake in understanding his argument then or now.  He cannot

relitigate the same issue in the guise of a Rule 60(b) motion.

Cannon's Rule 60 motion is a successive § 2255 habeas petition that cannot be filed without Third Circuit authorization.  In his motion seeking to have his sentence vacated, Cannon does not challenge the procedures surrounding the disposition of his original habeas petition.  Rather, he is challenging his sentence, asserting essentially the same arguments he had raised in his § 2255 habeas petition.  Indirectly claiming that we had misunderstood and misconstrued his prior arguments does not amount to a claim of procedural defect.  Therefore, the Rule 60 motion will be transferred to the Third Circuit.

He has not sought an order from the Third Circuit allowing us to consider this subsequent petition.  Therefore, because we do not have jurisdiction, we shall transfer the petition to the Third Circuit.  *Robinson*, 313 F.3d at 139-40.